Emma RUDOLPH, Plaintiff,

and

Margaret A. Christensen,
Plaintiff–Appellant,

v.

PONDEROSA VILLAGE APARTMENTS, entity form unknown; Levine Management Group, entity form unknown; Donna Lambe, Defendants–Appellees.

No. 06–55843.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2008.*

Filed Feb. 14, 2008.

Craig R. Leslie, Esq., Port Hueneme, CA, for Plaintiff/Plaintiff–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Brand Cooper, Esq., Thomas M. Phillips, Esq., Robert M. Bruning, Esq., Cooper, Phillips & Peterson LLP, Los Angeles, CA, Ballard, Rosenberg, Golper & Savitt LLP, Universal City, CA, John Peter Schaedel, for Defendants–Appellees.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Because the parties are familiar with the facts, we do not recite them in detail.

Following a bench trial, appellant Margaret A. Christensen appeals from a judgment in favor of defendants Ponderosa Village Apartments ("PVA") and its managers on several claims under the Fair Housing Amendments Act of 1988 (42 U.S.C. §§ 3601 et seq.,) that she pursued on behalf of her deceased mother, Emma Rudolph. The district court based its judgment primarily on its credibility determination in favor of the resident manager of PVA, and the plaintiffs' failure to produce evidence that the defendants had any discriminatory motive or any connection between PVA's actions and Rudolph's disability. Appellant argues that the district court erred by requiring proof of discriminatory intent, and that a disparate impact theory should have been applied to her claims. In addition, appellant challenges the district court's view of the evidence.

This court reviews "the district court's findings of fact following a bench trial for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

clear error and its conclusions of law de novo." *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1427 (9th Cir.1996). An appellate court defers to the district court's credibility findings and its findings of fact even if there are other permissible views of the evidence. *Allen v. Iranon*, 283 F.3d 1070, 1079 (9th Cir.2002). If the trial judge's findings are based on his decision to credit the testimony of certain witnesses over other testimony, "that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Appellant's argument for application of a disparate impact theory to all of plaintiffs' claims overlooks the fact that the claims were not disparate impact claims. Instead of challenging PVA's rules, each claim was based on how PVA's management enforced the rules. This is evident from the complete failure of plaintiffs to produce statistical evidence or any other evidence to show a disparate impact from facially neutral rules. *See Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997) (concluding a plaintiff "fails to establish a prima facie case because [she] has presented no statistics or other proof demonstrating that the [defendants'] practices have a significantly adverse or disproportionate impact on the physically disabled or elderly"). The district court properly rejected plaintiffs' disparate impact theory because they failed to present a prima facie case of disparate impact from any of PVA's rules.

Having found no legal error, we affirm the district court's factual findings and credibility determinations because they were not clearly erroneous. *See DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1178–79 (9th Cir. 2006); *United States v. Cal. Mobile Home*

*Park Mgmt. Co.*, 107 F.3d 1374, 1380–82 (9th Cir.1997).

**AFFIRMED.**